### GRACE BREITHECKER v. CHARLES R. DALLAS.

Argued February 16, 1915—Decided June 7, 1915.

1. A complaint contained three counts—(1) breach of promise of marriage, (2) seduction, (3) assault and battery by violating the plaintiff's person and having sexual intercourse with her and seducing her under promise of marriage. *Held,* that the action sounded in contract and not in tort.

2. To warrant a *capias* in an action on contract, proof must be made to the judge or commissioner; he must certify it and file it in the clerk's office, and the proof must be of facts which would entitle the plaintiff to an order to hold to bail.

---

On motion to set aside *capias.*

Before Justices SWAYZE, PARKER and KALISCH.

For the motion, *Scott Scammell.*

Opposed, *W. Holt Apgar.*

The opinion of the court was delivered by

SWAYZE, J. The plaintiff recovered judgment in an action for breach of promise of marriage, and thereupon obtained an order from a justice of this court that a *fieri facias* and *capias ad satisfaciendum* issue for the amount of judgment and costs. The case was tried before a circuit judge. His *postea* shows only that the jury rendered a general verdict against the defendant and in favor of the plaintiff for $2,500. No *capias ad respondendum* had been issued; the suit was begun by an ordinary summons and no proofs are shown to have been presented to the trial judge to warrant a *capias ad satisfaciendum.* His order recites that the plaintiff declared against the defendant for breach of promise and seduction under promise of marriage; that it appears of record that the defendant was convicted upon the trial of the issue joined and damages assessed against the defendant in the sum of $2,500. If the action sounds in tort, a *capias ad satisfaciendum* was proper. *Kintzel* v. *Olsen,* 73 *Atl. Rep.* 962. If it sounds in contract, the statute (*Comp. Stat., p.* 4109, *pl.* 189) forbids a *capias ad satisfaciendum* except (1) where an order to hold to bail has been made and remains in force; (2) upon proof to the judge or commissioner, to be certified and filed in the office of the clerk establishing (*a*) the facts on which the plaintiff would be entitled to an order to hold to bail; (*b*) that the defendant has rights or credits, moneys or effects, of $50 or over, which he unlawfully refuses to apply in payment of the judgment.

The first question is whether the action sounds in tort, for we cannot agree with counsel for the plaintiff that as all actions are now called actions at law, the distinction between tort and contract is abolished. It is only the name of the actioned that is changed. · The substance remains and rules of law that were applicable before the change of name remain applicable still. If we could concede the plaintiff's

contention in this respect, it would not follow that the writ might issue as of course; it could be contended with quite as much force that the writ could no longer issue except upon proof of all the facts required to justify a *capias ad satisfaciendum* in an action of contract. The first question then is, as we have said, whether this action sounds in tort. Obviously an action for breach of promise of marriage is an action for breach of contract. The seduction is not the subject of a distinct action, since it is well settled that the action for seduction does not lie in favor of the woman who is seduced, but only in favor of. the parent or other person who may have been deprived of her services by the results of the seduction. The only object of proving the seduction in an action for breach of promise of marriage is to enhance the damages and so it was treated by the trial judge. The fact of seduction may also be of importance as proving fraud in the making of the contract to marry and thus justifying an order to hold to bail. It is, however, suggested very ingeniously by counsel that the action is one of tort because the third count avers that defendant committed an assault and battery upon the plaintiff by violating her person by having sexual intercourse with her and by seducing her under the promise of marriage. An assault and battery is against the will of the person assaulted. That essential element of an assault and battery is negatived by the averment that it was accomplished by seducing the plaintiff. Seduction implies that her will was led to assent to the act of sexual intercourse. If on this motion, we could look at the evidence taken at the trial which we have just considered on the motion for a rule to show cause, we should be driven to the conclusion that there was no assault and battery. We cannot consider the evidence· on this motion, but we are driven to the same result by the recitals of the order for a *capias*. It appears thereby that the plaintiff declared against the defendant for breach of promise and seduction under promise of marriage. No mention is made of an alleged assault and battery. Apparently that alleged cause of action had been abandoned. The result is that the order cannot be sustained upon the ground that the action sounds in tort.

It cannot be sustained as a writ in an action of contract. There are several fatal objections. (1) The statute requires that proof be made to the judge; (2) that he certify it and file it in the clerk's office; and so far as the present case is concerned (3) that the proof shall be of facts which would entitle the plaintiff to an order to hold to bail. There is nothing to show that any proof whatever was made to the judge or filed by him in the clerk's office. The contrary would seem to be the fact, since the order recites that it appears *of record* that the plaintiff declared for breach of promise and seduction under promise of marriage, and that the defendant was convicted of the issue joined. All that the record shows is that issue was joined on all three counts and that there was a general verdict for $2,500. The jury may have found for the plaintiff on the mere breach of promise, and for the defendant on the seduction, or they may have found for the defendant on the issue of the promise of marriage and the seduction and against him on the issue of the assault and battery. We are precluded, as already stated, from sustaining the order upon the latter theory by its own recitals. The record itself fails to disclose any proof of seduction. If, however, we can assume that the draftsman of the order did not in fact mean the record but rather the stenographer's transcript of the evidence, sometimes spoken of as the record, we cannot reach a different result. There is nothing to show that the transcript was certified to the justice who signed the order, and as he was not the trial judge he could not know what the evidence in the case had been except by proper proof of some kind. Even if he had had this proof, all that the transcript would have shown would have been some evidence of seduction and some evidence to the contrary, with a verdict that may or may not have been the result of the jury finding that there had been seduction. In such a situation the court cannot determine for itself that the jury found that there had been seduction; if it did not so find, there was no proof of seduction presented to the judge. In the absence of such proof, the order was not justified. A judgment for breach of promise of marriage is like

any other judgment in an action of contract; it is a debt for which imprisonment is forbidden by the constitution. To justify imprisonment, the element of fraud must be present, and of that there was no proof before the judge when the order was made, even if we assume that he had the stenographer's minutes duly verified as correct; for they would afford only evidence met by conflicting evidence, and that is not proof. The order must therefore be set aside, with costs.

We are not by our silence to be considered as approving the practice which the order seems to contemplate of combining a *fieri facias* and a *capias ad satisfaciendum* in the same writ.